**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juley Scott Williams, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Charles L. Ryan, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | No. CIV 17-322-TUC-CKJ <br><br> **ORDER** |

Pending before the Court is the Motion for Appointment of Medical Expert to Plaintiff (Doc. 85) filed by Juley Scott Williams ("Williams").

*Factual and Procedural Background*

In his Complaint, Williams alleges that he was diagnosed with lung cancer by Banner Medical Center ("Banner") in December 2016. In January 2017, Banner sent an "urgent medical directive" to the Arizona Department of Corrections ("ADC") and Corizon Healthcare Inc. ("Corizon") stating that Williams needed a biopsy. Neither ADC nor Corizon informed Williams of Banner's directive. On February 8, 2017, Williams filed a Health Needs Request ("HNR") to Corizon as followup to his December diagnosis by Banner; the HNR requested, in part, to know the "status of [Williams's] condition/treatment." On February 22, 2017, Corizon informed Williams of Banner's directive, and Williams was told that "Corizon administrators" would be "remind[ed]" about Banner's directive.

On February 27, 2017, still not having received the biopsy, Williams filed an informal complaint with Corizon. On March 7, 2017, Corizon responded that the request for a biopsy

had been "submitted." On March 20, 2017, still not having received the biopsy, Williams filed a formal grievance against Corizon. On March 27, 2017, Williams was transported back to Banner and received the biopsy. The biopsy confirmed that Williams had lung cancer. Williams was also informed by Banner physicians that a second, "more probing" biopsy was necessary.

On April 10, 2017, Williams received a response to his March 20 grievance, stating that his second biopsy had been "scheduled." Despite making repeated follow-up inquiries, Williams did not receive a biopsy. Williams alleges that "medical staff" informed him that Corizon had "reversed the approval" for his second biopsy. Williams alleges that his request for a second biopsy was "resubmitted" in June.

Williams alleges, in Count I of his Complaint[1], that Ryan, ADC Director of Health Services Richard Pratt ("Pratt"), and Corizon violated Williams' Eighth Amendment rights. In its August 21, 2017, Screening Order, this Court found Williams had adequately stated a claim for relief against Ryan, Pratt, and Corizon.

Williams also alleges that he was diagnosed in 2015 with "vocal/throat" cancer, for which he received radiation therapy that successfully removed the cancer. However, Williams was informed by his physicians that he needed to quit smoking, and was prescribed smoking cessation medication ("SCM") to assist him. Williams alleges he has been unable to obtain SCM while incarcerated, either through his prescription or otherwise. In January 2017, Williams submitted an HNR requesting that his SCM prescription be filled. He received a response the next day stating that SCM was not provided. Williams submitted an informal grievance asking why SCM was not available; Corizon responded by providing Plaintiff with a "Stop Smoking" handout.

---

[1]The Court subsequently granted Williams' request to file an Amended Complaint. However, as Williams failed to timely submit an Amended Complaint pursuant to the Court's Order, the Court ordered the original Complaint remains the operative Complaint in this action. (August 9, 2018 Order, Doc. 78).

Williams filed a grievance requesting that his SCM prescription be honored, or that he be allowed to purchase SCM at the Keefe Commissary. Williams did not receive a response. Williams alleges that he was informed that ADC policy prohibits providing or selling SCM products to inmates; Williams also alleges that "old timer prisoners" have told him that SCM products were previously available. On February 22, 2017, Williams was diagnosed with emphysema, and again instructed to quit smoking. Williams "requested" that Corizon provide him with SCM, but was again told that ADC does not permit inmates to receive SCM.

In Count II of the Complaint, Williams alleges that Ryan, Pratt, Corizon, and Keefe Commissary have violated his Eighth Amendment rights by "prevent[ing] Plaintiff from attaining nicotine sobriety," and that by refusing to provide SCM they have "caus[ed Williams] to continue smoking" to the detriment of his health. In its Screening Order, the Court found Williams had stated a claim for relief against Ryan, Pratt, and Corizon.

In Count Three, Williams re-alleges that he previously had throat cancer, and has currently been diagnosed with lung cancer and emphysema, and has been instructed by his doctors to stop smoking and to avoid second hand smoke. However, Williams alleges that second hand smoke is "ubiquitous," and is the "most significant contributor to his inability to stop smoking, and is the proximate cause of his perpetual relapses." Williams alleges that he has filed informal complaints that "observed" that ADC lacked classes about quitting smoking, and that ADC prohibited SCM. Williams further alleges that, despite being informed that he needed to stop smoking, and being diagnosed with several smoking-related diseases, "it is the inviting smell of tobacco in the air that entices Plaintiff to smoke tobacco," and that "the physical and operational design of [ADC's] system of prison complexes and facilities" makes it impossible for him to escape second hand smoke. Williams also alleges that "due to the architectural and operational design of [ADC] buildings, cells, dorms, and living areas, Williams is forced to live in an institutionalized life where second hand smoke is a harmful condition of confinement causing him physical health problems related to" his

cancer and emphysema. Williams alleges that Ryan and Keefe Commissary have violated his Eighth Amendment rights, as well as his "liberty interest in enjoying his rights prescribed by [the Smoke Free Arizona Act, Ariz. Rev. Stat. § 36-601.01 et seq.] as secured by the Fourteenth Amendment. The Court's Screening Order found that Williams had stated an adequate claim for relief in Count III against Ryan.

The Court dismissed Keefe Commissary and ordered Defendants Ryan, Pratt, and Corizon to answer the Complaint.

Williams received a surgical biopsy on June 20, 2018.[2] All five lymph nodes tested were negative for metastatic carcinoma and no malignancy was identified. The findings were deemed consistent with non-necrotizing granulomas. Williams was informed that his lymph nodes were negative for malignancy on July 25, 2018.

Prior to the August 30, 2018, deadline set by this Court's Scheduling Order (Docs. 30 and 76), Defendants filed a Motion for Summary Judgment (Doc. 81). Williams has not filed a response. However, Williams has filed a Motion for Appointment of Medical Expert to Plaintiff (Doc. 85).

*Appointment of Expert*

Williams requests this Court appoint a medical expert to dispute or respond to the evidence and commentaries of medical persons presented by Defendants. However, Williams has not presented any authority for this Court to appoint an expert medical witness to serve as Williams' advocate in this action. Further, Williams has not addressed whether any basis for the resources for such an expert exists. Indeed, the *in forma pauperis* statute, 28 U.S.C. § 1915, "does not waive payment of fees or expenses for witnesses." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). More specifically, "[t]he plain language of section

---

[2]On February 27, 2018, this Court ordered a surgical biopsy of Williams' lungs to be performed.

1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *accord, Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (cert. denied, 485 U.S. 991 (1988)) (district court has no authority under Section 1915 to pay or waive expert witness fees in civil damage suits). The Court finds no basis to grant Williams' request and will deny his request for the appointment of a medical expert to assist him. Williams may retain an expert, but 28 U.S.C. § 1915 does not authorize payment for an expert hired by Williams.

Accordingly, IT IS ORDERED the Motion for Appointment of Medical Expert to Plaintiff (Doc. 85) is DENIED.

DATED this 19th day of September, 2018.

_____
Cindy K. Jorgenson
United States District Judge